BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE ATLANTIC DEPARTMENT STORES, )
INC., LITIGATION                  )     DOCKET NO. 113

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

      The six actions now before the Panel concern the public sale of Atlantic Department Stores common stock to finance Atlantic's purchase of a discount department store business operated by Arlen Realty & Development Corporation. A subsequent exchange offer of Heck's, Inc. for Atlantic stock is also involved in two of the actions. On the basis of the briefs submitted and the hearing held, we order the actions in other districts transferred to the Southern District of New York for coordinated or consolidated pretrial proceedings with the actions pending there.

      Pursuant to a Federal Trade Commission consent order, Arlen was required to divest itself of Spartans Department Stores, a division of Arlen's engaged in the operation of discount department stores, by September 1971. Atlantic Department Stores, Inc., was formed as a subsidiary of Arlen

---

\*    Judge Alfred P. Murrah took no part in the consideration or decision of this matter.

and a purchase agreement was entered into by both corporations providing for the sale of the Spartans division to Atlantic. Atlantic then sold 1,500,000 shares of its common stock to the public, pursuant to a registration statement dated September 3, 1971, and used the net proceeds to pay part of the purchase price to Arlen.

In 1972, Heck's, Inc., which operates a chain of discount department stores in West Virginia and other states, made a successful exchange offer to Atlantic stockholders, offering its stock for Atlantic's. In connection with this offer, Heck's filed a registration statement with the SEC and mailed its prospectus to the Atlantic stockholders. Because Atlantic allegedly declined to provide current financial information, Heck's included with its prospectus copies of Atlantic's 1971 SEC filings concerning its common stock offering and a purported disclaimer concerning the accuracy and completeness of the Atlantic documents.

All of the plaintiffs allege that the Atlantic registration statement and prospectus contained material misstatements and omissions concerning the result of past operations of Atlantic and the prospects for future operations. They assert that Atlantic and Arlen and their officers, directors, managing underwriters and accountants are responsible for these misrepresentations. In five of the six actions

- 3 -

the individual plaintiffs seek to represent variously defined classes of Atlantic stockholders. Two of the plaintiffs, Gabor and Annenberg [1]/, also allege that Heck's and its directors and underwriters conspired to secure control of Atlantic in violation of the federal securities laws by misstatements and omissions contained in Heck's 1972 prospectus and the Atlantic materials distributed with it.

Plaintiff Leggett first moved for the pretrial consolidation of the two actions then pending. The four actions filed thereafter were brought before the Panel by supplemental motions to transfer and by orders to show cause. The parties agree, and we find, that the claims concerning Atlantic's 1971 offering of common stock involve substantial common questions of fact and that consolidation of all cases in a single district for pretrial proceedings is necessary.

The only opposition to transfer comes from Heck's, Inc., its directors and its managing underwriters in the exchange offer. In a written response to the motion to transfer submitted prior to the filing of the Annenberg complaint, they argue that most of the allegations of plaintiff Gabor in the Eastern District of Pennsylvania are factually distinct from the claims concerning Atlantic's 1971 registration statement and should not be included in coordinated or consolidated pretrial proceedings. We think

---

1/ Bernard L. Gabor, et al. v. Harold Fein, et al., E.D. Pa., Civ. Action No. 72-1609; Norman Annenberg v. Sidney Mittleman, et al., S.D.N.Y., Civ. Action No. 72 Civ. 3856.

there are sufficient common questions of fact, however, both in the Gabor and Annenberg complaints, to require the pretrial coordination of the claims involving Heck's with the remainder of the litigation.

Gabor asserts that the Heck's registration statement fails to disclose the full extent of the Heck's defendants' knowledge of Atlantic's poor financial condition and of the misstatements contained in the 1971 registration statement distributed by Heck's. Annenberg goes further, alleging that the Heck's transaction was one step in a series of transactions whereby Atlantic shares were sold to the public at an excessive price and then reacquired at a much lower price for the benefit of defendant Mittleman, president of Atlantic. As a result of these allegations, it will be necessary for the parties to these claims to review many of the same documents and examine many of the same witnesses as the parties to the claims against Atlantic and duplication of discovery effort will result unless all actions are assigned to a single judge.

The parties differ on the appropriate transferee district. The original movant, plaintiff Leggett, proposes that all cases be transferred to the Southern District of New York while Arlan and Atlantic suggest the Northern District of California, where the first action was filed, and Gabor suggests the Eastern District of Pennsylvania. It appears

- 5 -

that both Arlen and Atlantic and the majority of the remaining defendants are located in the Southern District of New York and that the transactions under attack occurred in that district. Although Heck's and a few other defendants are located in other districts, we see no great inconvenience to them in requiring their participation in pretrial proceedings in New York. [2/]

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A be, and the same hereby are, transferred to the Southern District of New York and assigned to the Honorable Charles R. Weiner for coordinated or consolidated pretrial proceedings with the actions pending there.

---

[2/]  With the cooperation of all involved, Judge Charles R. Weiner of the Eastern District of Pennsylvania, has been assigned to the Southern District of New York pursuant to 28 U.S.C. §292 and these cases will be assigned to him for pretrial proceedings.

SCHEDULE A                                                          DOCKET NO. 113

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Noel Bleecker Leggett, III, etc. v. Atlantic Department Stores, Inc., et al. | Civil Action No. 72 Civ. 2676 |
| N. S. Nicholas, et al. v. Arlen Realty & Development Corp., et al. | Civil Action No. 72 Civ. 3164 |
| Norman Annenberg v. Sidney Mittleman, et al. | Civil Action No. 72 Civ. 3856 |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Blake Upton and Merrill Steinberg, etc. v. Atlantic Dept. Stores, Inc., et al. | Civil Action No. C-72-355-SC |

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard H. Bleicher v. Atlantic Dept. Stores, Inc., et al. | Civil Action No. 72-1651-HP |

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bernard L. Gabor, et al. v. Harold Fein, et al. | Civil Action No. 72-1609 |